IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID COVINGTON TRUDEAUX,
Inmate No. 18385-280,

        Petitioner,

vs.                                             Case No. 12-cv-1061-DRH

WENDY J. ROAL and FEDERAL
BUREAU of PRISONS,

        Respondents.

**MEMORANDUM AND ORDER**

**HERNDON, Chief District Judge:**

      This case is before the Court on petitioner's writ of habeas corpus, filed on October 3, 2012. Petitioner, an inmate in the minimum security camp at the Federal Correctional Institution in Marion, has brought this action pursuant to 28 U.S.C. §2241. However, he is not challenging his conviction, sentence, or the execution of his sentence in his criminal case (*United States v. Covington*, Case No. 09-cr-84 (W.D. Tx.)). His sole complaint is that, after declaring a change in his religious preference on or about August 31, 2012, prison officials have refused to honor his several written requests to be served a "Common Fair" diet in accordance with his Messianic religious beliefs (Doc. 1, pp. 1-3). Consequently, petitioner has been on an extended near-fast, eating only fruit and soup packets obtained from fellow inmates, since approximately September 16, 2012.

      At the outset, this Court must independently evaluate the substance of petitioner's claim to determine if the correct statute - in this case 28 U.S.C. §

2241 - is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). The federal habeas corpus statute cannot be used to challenge conditions of confinement. *See* 28 U.S.C. § 2241(c)(3); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000).

Petitioner's claim that his First Amendment rights are being violated by the respondents' failure to honor his religious dietary needs goes directly to the conditions of his confinement, not to any change in the level or duration of his custody. As such, this claim must be brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See also Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990) (citing cases) (observance of religiously mandated dietary restrictions is a form of religious practice protected by the First

Amendment).

While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see*, *e.g.*, *Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991) (collecting cases), in more recent cases the Seventh Circuit has held that district courts should not do this. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It would be particularly inappropriate to recast petitioner's action here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, petitioner is responsible for paying a much higher filing fee of $350. Furthermore, petitioner might be assessed a "strike" if the Court determined that petitioner's action was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Therefore, the Court will not re-characterize the instant habeas petition as a complaint under the civil rights act.

**Pending Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (Doc. 3)**

Petitioner has submitted an affidavit stating that he has no employment, has received no income for the last twelve months other than gifts from family, and has no assets or cash on hand other than the funds in his prison account. However, he has not tendered a certified copy of his inmate trust fund account statement. The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from FCI-Marion, but to date

has not received information sufficient to determine whether to grant or deny petitioner's motion for waiver of the $5 habeas filing fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of petitioner's trust fund account statement as requested, the Court will enter an order disposing of petitioner's motion for IFP. Until that time, petitioner's motion (Doc. 3) is **HELD IN ABEYANCE.**

## Disposition

Because petitioner's claim is not cognizable under 28 U.S.C. §2241, this action is **DISMISSED**. However, the dismissal is **WITHOUT PREJUDICE** to petitioner bringing his claims in a properly filed *Bivens* action.

The Clerk is **DIRECTED** to mail petitioner a blank civil rights complaint form and instructions, along with a blank form motion/affidavit to proceed without prepaying fees or costs.

The Clerk shall close this case.

    **IT IS SO ORDERED.**

    **DATED: October 25, 2012**

Digitally signed by David R. Herndon
Date: 2012.10.25 12:51:24 -05'00'

    **CHIEF JUDGE**
    **UNITED STATES DISTRICT COURT**